Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 3409 | **DATE** | 7/7/2010 |
| **CASE TITLE** | Morris v. City of Chicago | | |

**DOCKET ENTRY TEXT:**

Plaintiff voluntarily dismisses without prejudice Count XI. The Court denies defendants' (Mulkerrin, Glowacki and Lepine's) motion for summary judgment. This case is set for status on 7/27/2010 at 11:00 a.m.

■[ For further details see text below.]      Docketing to mail notices.

# STATEMENT

This case arises out of the death of Tommy Morris, who died when he was shot multiple times by two defendants, police officers Daniel Conway ("Conway") and Jeffrey Edwards ("Edwards"). Of the fifteen original claims, six counts remain. Plaintiffs have voluntarily dismissed the other claims (including all of the claims by plaintiff Stanley Morris). Only two counts are at issue in this motion: Count XI for denial of medical care and Count XII for failure to intervene. Defendants Patrick Mulkerrin ("Mulkerrin"), Derrick Glowacki ("Glowacki") and William Lepine ("Lepine") move for summary judgment on those two claims. In response to the motion for summary judgment, plaintiff agreed to dismiss voluntarily Count XI.

A police officer who fails to intervene can be liable under § 1983 if he had reason to know that excessive force was being used and had a realistic opportunity to intervene to prevent the harm from occurring. *See Abdullahi v. City of Madison*, 423 F.3d 763, 774 (7th Cir. 2005). "Whether an officer had sufficient time to intervene or was capable of preventing the harm caused by the other officer is generally an issue for the trier of fact unless, considering all the evidence, a reasonable jury *could not possibly conclude otherwise*." *Abdullahi*, 423 F.3d at 774 (quoting *Lanigan v. Village of East Hazel Crest*, 110 F.3d 467, 478 (7th Cir. 1997)). Still, a number of courts have granted summary judgment to police officers on claims that they had failed to intervene to protect shooting victims where the shots were fired very quickly. *See Marion v. City of Corydon*, Case No. 07 CV 3, 2008 WL 763211 at *11 (S.D. Ind. 2008); *Estate of O'Bryan v. Town of Sellersburg*, Case NO. 02 CV 238, 2004 WL 1234215 at *13 (S.D. Ind. 2004).

In this case, plaintiff has put forth evidence that defendants Mulkerrin, Glowacki and Lepine were each either near the victim or near one of the shooters. There is also evidence that the amount of time that passed between the first and last shots was three or five seconds. If the fact-finder believed the evidence that the shots were fired very quickly, even someone near the shooting would be unlikely to have had a realistic opportunity to prevent the harm. Plaintiff, however, put forth evidence that there was a break–long enough

| STATEMENT |
|---|
| for a witness to move inside her house to a window–between the first and second sets of shots. The Court cannot judge the credibility of that evidence, but if a find-finder believed that evidence and the evidence that the defendants were near the shooting, a find-finder might reasonably conclude that they had a realistic chance to prevent some of the harm to Tommy Morris.<br><br>    For these reasons, summary judgment is not appropriate in this case. Accordingly, the motion for summary judgment is denied. |
| |