IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DELORES MORRIS, as Special Administrator of the Estate of TOMMY MORRIS, Deceased, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) ) | NO.  07 C 3409 |
| CITY OF CHICAGO, *et al.*, | ) ) | |
| Defendants. | ) | Judge Marovich |

**PLAINTIFF'S MOTION *IN LIMINE* #6 TO BAR REFERENCES TO FACTS NOT KNOWN TO THE DEFENDANTS AT THE TIME OF THE SHOOTING**

Dating back to Graham v. Connor, 490 U.S. 386, 109 S.Ct. 1865 (1989), the Supreme Court teaches that deadly force decisions are to be judged objectively based on the observations of the officers on the scene, without the benefit of the proverbial 20/20 hindsight. In the Seventh Circuit, even before the Graham decision, it has long been an indisputable point of law that juries in police shooting cases are supposed to be told the facts and circumstances known to the shooter(s) at the time of the deadly force decision, nothing more, nothing less. Under well-settled law, set out below, references to facts learned by the involved officers after the fact are all expressly excluded because they impermissibly taint the jury's consideration of the relevant inquiry – namely, whether the force was reasonable under the circumstances confronting the officer(s).

In the present case, the Defendants have made it plain that they plan to try a case which is distinctly at odds with what the law allows. They intend to bring into evidence: 1) proof that Tommy Morris committed a robbery before he was shot; 2) the facts and circumstances of the robbery; 3) that robbery proceeds were found in the area of the shooting; 4) the facts and

1

circumstances of the police chase preceding the shooting; 5) that the gun the Defendants claim Tommy Morris held was loaded, functional, and had been fired in the past; 6) that marijuana was allegedly found on Tommy Morris' person after the shooting; 7) that Tommy Morris had been convicted of various crimes during his life; and 8) that Tommy Morris had been incarcerated during his lifetime[1]. The Defendants did not know any of these facts at the time of the shooting. As such, under the law discussed as follows, none of this information is admissible.

I. **IN A POLICE SHOOTING CASE FACTS NOT KNOWN TO THE SHOOTERS AT THE TIME OF THE SHOOTING ARE EXCLUDED.**

The seminal case on point with respect to what evidence is admissible in police shooting cases is the Seventh Circuit's decision in Sherrod v. Berry, 856 F.2d 802 (7th Cir. 1988), wherein the Court laid out the following rule:

> Knowledge of facts and circumstances gained after the fact (that the suspect was unarmed) has no place in the trial court's or jury's proper post-hoc analysis of the reasonableness of the actor's judgment. Were the rule otherwise, as the trial court ruled in this instance, the jury would possess more information than the officer possessed when he made the crucial decision. Thus, we are convinced that the objective reasonableness standard articulated in *Lester* requires that [the shooter's] liability be determined exclusively upon an examination and weighing of the information [the shooter] possessed immediately prior to and at the very moment he fired the fatal shot. The reception of evidence or any information beyond that which [the shooter] had and reasonably believed at the time he fired his revolver is improper, irrelevant and prejudicial to the determination of whether [the shooter] acted reasonably "under the circumstances."

Sherrod v. Berry, 856 F.2d 802, 805 (7th Cir. 1988).

In Sherrod, the shooting victim was shot due to allegedly making a furtive movement to his coat. Sherrod, 856 F.2d at 803. The District Court allowed the plaintiff to introduce at trial the fact that there had actually been no weapon in the coat. Id. at 804. The Seventh Circuit, sitting *en banc*, reversed this decision as an abuse of discretion, holding in unequivocal terms that it unfairly skews the jury's consideration of objective reasonableness if the jury is told more

---

[1] The Plaintiff has filed other motions *in limine* which also, for other reasons, ask this Court to exclude references to the marijuana that was found, Tommy Morris' past convictions, and Tommy Morris' past incarcerations.

2

than the shooter knew at the time of the shooting. Id. at 804-805. The Sherrod Court explained that:

> In phrasing the test set forth in *Lester* as one of "objective reasonableness under the circumstances," it is obvious that "under the circumstances" refers only to those circumstances known and information available to the officer at the time of his action (firing the fatal shot). When a jury measures the objective reasonableness of an officer's action, it must stand in *his* shoes and judge the reasonableness of his actions based upon the information he possessed and the judgment he exercised in responding to that situation.

Id.

The Seventh Circuit has explicitly held that the time limitation imposed in the analysis referenced above was no accident. Instead, according to the Seventh Circuit, "Our historical emphasis on the shortness of the legally relevant time period is not accidental. The time-frame is a crucial aspect of excessive force cases." Plakas v. Drinski, 19 F.3d 1143, 1150 (7th Cir. 1994).

The Seventh Circuit has repeatedly re-affirmed the Sherrod holding that, in shooting cases, in determining the objective reasonableness of the officer's actions courts are to limit the evidence to the facts known to the shooters. See, e.g., Deering v. Reich, 183 F.3d 645, 650 (7th Cir. 1999) ("…the totality of the circumstances …. includes information which the officer had at the time of his actions, but not information uncovered later."); Palmquist v. Selvik, 19 F.3d 1143 (7th Cir. 1997) (the shooting victim's motive in provoking a fatal confrontation with the police not admissible as it was unknown to the police officers at the time of the shooting).

In Palmquist, in contrast to Sherrod, the Court excluded evidence helpful to the police defendants. In that case, an officer responded to a neighbor disturbance and eventually shot a man who had, according to the police, refused to put down a pipe. Palmquist 19 F.3d at 1334. In the appeal the defendants argued that they should have been permitted to introduce evidence which, although unknown to the defendant officer until after the shooting, would have illustrated for the jury that the decedent had a "motive" to have acted consistently with the police's account

of threatening behavior. Id. at 1338-1339. Specifically, the defense wanted the jury to hear that the decedent had been depressed, had a "death wish", and had actually expressed a desire to commit "suicide by police". Id. In other words, the defense wanted to present evidence that the decedent set out to provoke a fatal confrontation with police, that the decedent had a "motive and intent" to do so, and that the decedent "intended, even planned, the way he died." Id. at 1339. The Seventh Circuit rejected the argument. The Court re-affirmed that, in the Seventh Circuit: "Sherrod states the law in this circuit: when considering a charge of excessive force under the Fourth Amendment, evidence outside the time frame of the shooting is irrelevant and prejudicial." Id. at 1339. The Palmquist Court concluded that the evidence was properly excluded under the well-established Sherrod principle that evidence unknown to the officer at the time of the shooting is inadmissible. Id. at 1339-1341.

Sherrod and Palmquist foreclose any argument by the Defendants in this case that facts not known to the shooters at the time of the shooting may become admissible – such as Tommy Morris' motive to do, or not do, something. In fact, Palmquist expressly foreclosed the possibility that a shooting victim's motivations are admissible when it held that, "At issue is the objective reasonableness of [the shooter's] actions at the time of the seizure…not the *victim's* reasons." Palmquist, 111 F.3d at 1341. (internal citation omitted) (emphasis in original). The point is simple – the Defendants are stuck with what the shooters knew at the time that the shots were fired in determining whether the shooting was objectively reasonable under the circumstances.

Ultimately, it is undeniable that the Seventh Circuit clearly adheres to the rule that, "The reception of evidence or any information beyond that which [the shooter] had and reasonably believed at the time he fired his revolver is improper, irrelevant and prejudicial to the

4

determination of whether [the shooter] acted reasonably 'under the circumstances.' " Sherrod, 856 F.2d at 805.

## II. THE DEFENDANTS CANNOT BE ALLOWED TO REFERENCE FACTS THAT THEY DID NOT KNOW AT THE TIME OF THE SHOOTING.

At the time of the shooting the following facts are not in dispute: 1) none of the Defendants knew Tommy Morris or anything about his criminal background; 2) none of the Defendants knew whether Tommy Morris had, in fact, committed a robbery (they only knew that Tommy Morris was in a car which was occupied by people that may have been involved in a robbery); 3) none of the Defendants knew or had spoken to the robbery victims – meaning that none of the Defendants knew the particulars of the robbery; 4) none of the Defendants knew that robbery proceeds were (allegedly) present at the scene of the shooting; 5) none of the Defendants had participated in the car chase preceding the robbery – they only knew that a car chase was underway; 6) none of the Defendants knew that Tommy Morris (allegedly) had marijuana on his person; and 7) none of the Defendants knew whether the gun found on the scene was loaded, functional, or had ever been used. (See Conway Deposition, attached at Exhibit 1, pp. 134-137, 258; Edwards Deposition, attached as Exhibit 2, pp. 6, 203, 214; Mulkerrin Deposition, attached as Exhibit 3, pp. 11-12, 71-72, 83; Glowacki Deposition, attached as Exhibit 4, pp. 5-6, 16, 26; Lepine Deposition, attached as Exhibit 5, pp. 6, 93, 105). As such, per Sherrod, no reference to any of these topics should be made at trial.

**The Defendants Should be Barred from Introducing Evidence that Tommy Morris Committed a Robbery Before he was Shot, the Specifics of how the Robbery Occurred, and that Robbery Proceeds were Found After Tommy Morris was Shot.**

The Defendants cannot dispute that they did not know anything about the robbery at the time of the shooting. They did not know who was robbed, they did not know if anything was taken during the robbery, they did not know what kind of weapon was used during the robbery

5

and, critically, *at the time of the shooting they did not know if Tommy Morris had actually committed the robbery*.

The Defendants have made it clear, by way of their listed exhibits and witnesses, that they intend to turn this trial into a robbery trial. They cannot be allowed to do so. Under Sherrod and its progeny, since they did not know whether Tommy Morris actually committed the robbery at the time of the shooting, they cannot bring any evidence before the jury proving that Tommy Morris did commit the robbery (including who he allegedly robbed, how he did it, and whether there were any proceeds from the robbery).

In addition, Tommy Morris was never convicted of committing the robbery, or of possessing robbery proceeds (for obvious reasons). Absent a conviction, Defendants are left with nothing but, at best, an alleged prior bad act. FRE 404 prohibits bad acts evidence – whether the bad act happened five years ago or five minutes ago. Further, FRE 404 prohibits the Defendants from arguing, or suggesting (however slightly), that Tommy Morris is a bad guy, or that he is more likely to have done what the Defendants say he did because he (allegedly) robbed two people before he was shot – the only reason that the robbery evidence will be brought before the jury. See Kunz v. DeFelice, 538 F.3d 667, 675 (7th Cir. 2008)(Rule 404 "…generally forbids the use of past acts, even of criminality, to prove a criminal, dishonest character in a civil case.").

Finally, with respect to the robbery evidence, the unfair prejudicial nature of that evidence is clear. Indeed, the unfair prejudice associated with the robbery evidence so outweighs any probative value it has that there is no need to belabor the point – the FRE 403 balancing test undoubtedly warrants its exclusion (even if Sherrod did not independently exclude the evidence).

The Plaintiff does not dispute that Defendants may, under the totality of the circumstances test, argue that they knew (by way of the radio broadcast) that Tommy Morris *may* have been involved in a robbery before he was shot. However, saying that they knew Tommy Morris *may* have been involved is different than saying that Tommy Morris *was* involved in the robbery (along with introducing evidence regarding the Defendants theory of how Tommy Morris committed the robbery). Sherrod and its progeny allows the former, and prohibits the latter.

As such, the Defendants must be barred from introducing evidence regarding whether Tommy Morris did in fact commit the robbery, evidence regarding how the robbery occurred and evidence of the robbery proceeds being found on the scene of the shooting after the shooting.

**The Defendants Should be Barred from Introducing Evidence Regarding Whether the Gun was Loaded or Functional, the Specifics of the Car Chase, Tommy Morris' Criminal Background, and the Presence of Marijuana on Tommy Morris' Person**.

First, with respect to the gun evidence, there is no evidence that the Defendants knew at the time of the shooting whether the gun was loaded, functional or been previously used. It was later determined, by the forensic investigators, that the gun was loaded, functioned and that it may have been fired in the past. But, since the Defendants did not know these facts at the time of the shooting, per Sherrod and its progeny, they should be barred from introducing this information to the jury.

Also, evidence that the gun was loaded, functional or that it had been fired in the past should be barred on the independent ground that any probative value of such evidence is outweighed by its prejudicial value (thereby mandating exclusion under FRE 403). Indeed, there is a real and substantial danger that the jury may likely (and improperly) conclude that the shooting was justified just because the gun was loaded and functional. There is also a real

7

danger that the jury may conclude that Tommy Morris had previously fired the gun if they hear that the gun had been used before – and may find against the Plaintiff for this reason alone. The jury should not be given the opportunity to reach these improper conclusions.

Similarly, none of the Defendants were involved in the actual car chase. Instead, they heard certain facts pertaining to the car chase through dispatch communications – such as the location of the car chase, the description of the car involved and the license plate of the car involved. At the time of the shooting, the Defendants did not know any specifics of how the car chase occurred – such as whether the car violated any traffic laws, whether it was being driven recklessly, etc. As such, per <u>Sherrod</u> and its progeny, the Defendants should be barred from offering any evidence regarding how the car chase transpired (including any video of the car chase) – other than the information that they learned by hearing the dispatch transmissions.

Finally, in addition to the arguments outlined in the motions *in limine* directed to these topics, the Defendants should be barred from referencing Tommy Morris' criminal background and that marijuana was found on his person after he was shot, per <u>Sherrod</u> and its progeny, since the Defendants did not know these facts at the time of the shooting.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, the Plaintiff respectfully requests that the Defendants be barred from inquiring into, or at any time referring to, the stated matters.

Respectfully submitted by,

s/Basileios J. Foutris
BASILEIOS J. FOUTRIS
Attorney for Plaintiff
FOUTRIS LAW OFFICE, LTD.
53 West Jackson, Suite 252
Chicago, Illinois 60604
312-212-1200
bfoutris@foutrislaw.com

**CERTIFICATE OF SERVICE**

The undersigned, attorney of record herein, hereby certifies that on May 2, 2011 the foregoing **PLAINTIFF'S MOTIONS *IN LIMINE* #6 TO BAR REFERENCES TO FACTS NOT KNOWN TO THE DEFENDANTS AT THE TIME OF THE SHOOTING** was electronically filed with the Clerk of the U.S. District Court using the CM/ECF System, along with judge's courtesy copies being delivered; which will send notification of such filing to: Scott J. Jebson at sjebson@cityofchicago.org; Jonathan Clark Green at jonathangreen@cityofchicago.org; and Andrea Elizabeth Cook at andrea.cook@cityofchicago.org.

    s/Basileios J. Foutris
    BASILEIOS J. FOUTRIS
    Attorney for Plaintiff
    FOUTRIS LAW OFFICE, LTD.
    53 West Jackson, Suite 252
    Chicago, Illinois 60604
    312-212-1200
    bfoutris@foutrislaw.com