**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DELORES MORRIS, as Special Administrator ) | | |
| of the Estate of TOMMY MORRIS, ) | | |
| Deceased, *et al.*, ) | | |
| ) | | |
| Plaintiffs, ) | | |
| v. ) | NO. | 07 C 3409 |
| ) | | |
| CITY OF CHICAGO, *et al.*, ) | | |
| ) | | |
| Defendants. ) | Judge Marovich | |

### PLAINTIFF'S MOTIONS *IN LIMINE* 7-11

NOW COMES the Plaintiff and respectfully requests this Honorable Court to determine, *in limine*, prior to trial, that the following testimony and evidence be determined to be inadmissible and, further, that the Defendants be barred from referring to or inquiring into the following matters at any time during the course of the trial:

### Motion *in limine* #7 to Bar Reference to Tommy Morris' Criminal Background, Cook County Department of Corrections File, or Illinois Department of Corrections File.

The Defendants, by way of their listed exhibits, have made it obvious that they intend to introduce Tommy Morris' criminal convictions, as well as his Cook County and Illinois Department of Corrections files and/or incarcerations. They should be barred from doing so.

Presumably, the Defendants will introduce Tommy Morris' following convictions[1] (along with the fact that Tommy Morris was incarcerated for the convictions): 1) a 1991 armed robbery conviction; 2) a 1988 residential burglary conviction; and 3) a 1987 receiving stolen vehicle

---

[1] The Plaintiff assumes that the Defendants will not attempt to introduce evidence of past arrests that did not result in convictions. To the extent that they intend to introduce such evidence, they should be barred from doing so. See Anderson v. Sternes, 243 F.3d 1049, 1054 (7th Cir. 2001) ("The law is clear that a defendant's prior arrest record is inadmissible, and while the reference to Anderson's past arrest was only indirect, it was still improper.").

1

conviction. As argued below, the convictions, and related incarcerations, must be barred under FRE 404 and FRE 403 – and also because they do not fall under the parameters of FRE 609.

According to the Seventh Circuit, courts must be vigilant about the danger of justifying violations of important constitutional rights by portraying victims as bad people, and must be careful so that their past convictions are not used to unfairly prejudice them. See Gora v. Costa, 971 F.2d 1325, 1331 (7th Cir.1992); Geitz v. Lindsey, 893 F. 2d 148, 151 (7th Cir. 1990); see also Hernandez v. Cepeda, 860 F.2d 260, 264 (7th Cir. 1988)("…the opposing party may not 'harp on the witness's crime, parade it lovingly before the jury in all its gruesome details, and thereby shift the focus of attention from the events at issue in the present case to the witness's conviction in a previous case.'"). In this case, evidence of Tommy Morris' past convictions and incarcerations serves no purpose except to assassinate Tommy Morris' character.

Due to the restrictions on character evidence imposed under FRE 404, past convictions can only be used to impeach a witness' credibility (no credible argument can be made that the decades old convictions fall within the FRE 404 exceptions). As outlined in the following ruling, the Seventh Circuit long ago explained that convictions cannot be introduced for anything other than impeaching a witness' credibility under FRE 609:

> …the purpose of admitting prior arrests or convictions is not to show that the witness is a bad person or a "non-saint," but to impeach his credibility…Evidence of prior convictions is not admissible (using the defendants' imagery) to "stink up" a witness' character. Instead, prior arrests or convictions are admissible to shed light on the witness' credibility.

U.S. v. Neely, 980 F.2d 1074, 1080 (7th Cir. 1992)(internal citations omitted).

In this case, Tommy Morris will not testify (as he is dead), so his credibility cannot be impeached by way of his past convictions – the basis for allowing convictions into evidence. On this basis alone, Tommy Morris' convictions and incarcerations should be barred.

But, even if Tommy Morris were alive and could testify, the convictions and incarcerations would still be inadmissible under the Federal Rules of Evidence. For instance, the convictions are all over 10 years old (and are all at least 20 years old) – which means that the convictions are outside the time limitations imposed under FRE 609 – and none of the convictions involve crimes that bear on credibility. See, e.g., Kunz v. DeFelice, 538 F.3d 667, 675 (7th Cir. 2008) (petty theft is not a crime of dishonesty); U.S. v. Rodriguez-Andrade, 62 F.3d 948, 952 (7th Cir. 1995) (court properly barred reference to burglary and criminal trespass convictions because convictions were unrelated to witness' ability to tell the truth); Christmas v. Sanders, 759 F.2d 1284, 1292 (7th Cir. 1985) (conviction for rape not probative of credibility); see also U.S. v. Brackeen, 969 F.2d 827, 830 (9th Cir. 1992) (bank robbery not crime of dishonesty); United States v. Farmer, 923 F.2d 1557, 1567 (11th Cir.1991) (crimes such as theft, robbery, or shoplifting do not involve dishonesty or false statement); United States v. Grandmont, 680 F.2d 867, 871 & n. 3 (1st Cir.1982) (robbery convictions not admissible under 609(a)(2)).

Further, if Tommy were alive and could testify, the convictions and incarcerations would also be inadmissible under the FRE 403 balancing test. See Wilson v. Groaning, 25 F.3d 581, 584 (7th Cir. 1994) ("It is well-settled that evidence of prior convictions is admissible in a civil case to impeach the credibility of the plaintiff - subject to the constraints of Rule 403."). In this case, given that Tommy Morris' convictions include an armed robbery conviction – the very thing that Tommy Morris was suspected of doing before he was shot – the potential for fatal prejudice is obvious, and reference to the convictions and incarcerations should be barred pursuant to FRE 403. For instance, allowing the jury to hear about the twenty year old armed robbery conviction would, undoubtedly, lead to the impermissible inference that Tommy Morris

was more likely to have committed the robbery on July 1, 2005 since he committed a robbery on one other occasion – the very type of speculation that FRE 404 is designed to curtail. See Simplex, Inc., v. Diversified Energy Systems, Inc., 847 F.2d 1290, 1293 (7th Cir. 1988) (evidence that a party has a propensity to act in conformity thwarts "Rule 404's prohibition against the use of character evidence").

The Seventh Circuit long ago cautioned courts against admitting evidence that would lead to such inferences – even if the evidence is otherwise admissible – due to the unfair prejudice that results. In particular, the Seventh Circuit has held:

> In exercising his discretion on admission of [prior convictions], the trial judge must consider several factors, most importantly the danger of unfair prejudice. When the prior conviction and the charged act are of a similar nature, the danger increases. The jury is more likely to misuse the evidence for purposes other than impeachment, that is, to regard the prior convictions as evidence of a propensity to commit crime or of guilt, despite instructions to the contrary.

United States v. Shapiro, 565 F.2d 479, 481 (7th Cir.1977) (citations omitted).

In ruling that a 24 year old conviction should not have been admitted at trial, the Shapiro Court further noted that, "Because the probative value of a prior conviction on the issue of credibility tends to decrease with the passage of time, the danger of prejudice clearly increases." Shapiro, 565 F.2d at 481.

In this case, the risk of unfair prejudice in introducing the decades old convictions and incarcerations simply cannot be overstated. As such, at a minimum, they should be barred pursuant to FRE 403.

The Defendants have suggested during discovery that Tommy Morris' old convictions (and incarcerations) are relevant to damages. They are not. The damages sought in this case, essentially, include damages for loss of society by Tommy Morris' next of kin, damages for loss (value) of life, and damages for Tommy Morris' pain and suffering from the time he was shot

4

until the time that he died. No credible argument can be made that the convictions Tommy Morris had impacted any of the above-listed damages. Certainly, the 1987, 1988 and 1991 convictions have no bearing on the pain he suffered after he was shot, and no relationship to the value of his life in 2005. The convictions can also hardly be deemed to inform the loss of society his family members experienced a decade and a half after his most recent conviction (the 1991 robbery conviction). And, as noted above, given the extreme prejudice of referencing these convictions to the jury, any probative value that these convictions may have on damages is clearly outweighed by their unfair prejudice – thereby mandating exclusion under FRE 403. See Cobige v Chicago, 2010 WL 4340653, at 15 (N.D. Ill. 2010) (convictions of decedent that were over 10 years old properly excluded as not relevant to damages and pursuant to FRE 403 because they were unfairly prejudicial to plaintiff).

Further, despite the Defendants' anticipated protestations otherwise, there is no damages exception to the Federal Rules of Evidence. Evidence clearly excludable under FRE 403 or 404 (or not falling within the confines of FRE 609) – such as the convictions and incarcerations at issue in this case – does not suddenly become admissible due to a creative argument that such evidence may bear in some small way on the damages sought by a plaintiff. If that were so, the FRE would be completely eviscerated as any defendant could introduce any conviction (no matter how old or prejudicial) by simply invoking damages.

Since neither FRE 404 nor FRE 609 is a basis for admitting Tommy Morris' decades old convictions and incarcerations, and since the prejudice of admitting those convictions and incarcerations clearly outweighs any probative value they offer, reference to Tommy Morris' convictions and incarcerations must be barred.

**Motion *in limine* #8 to Bar Certified Convictions, Arrests with no Conviction, Convictions more than 10 years old, Convictions not Bearing on Credibility, Specifics of Prior Convictions and "Dealings" with Police Officers.**

The Defendants intend to introduce prior arrests and convictions of the various witnesses in this case. In fact, the Defendants have listed 14 separate exhibits that are related to witness convictions and arrest history (including those of Tommy Morris).

First, the Defendants have never produced any certified copies of convictions for any witness during the nearly 5 year history of this lawsuit (the Defendants have not even produced those documents in connection with the drafting of the final pretrial order). There is no excuse for not doing so. As such, the Defendants should be barred from introducing any certified convictions, or any information contained in any of those certifications, due to their failure to do so at any time during the last 5 years.

Second, to the extent that the Defendants seek to introduce evidence of any arrest of a witness that did not result in a conviction, they should be barred from doing so. Any such attempt is a clear violation of FRE 404. See Anderson v. Sternes, 243 F.3d 1049, 1054 (7th Cir. 2001) ("The law is clear that a defendant's prior arrest record is inadmissible, and while the reference to Anderson's past arrest was only indirect, it was still improper."). In fact, the law is clear that past convictions cannot be introduced as substantive evidence to demonstrate that a witness is a "bad" person, or that he/she is predisposed to committing crimes, or that he/she has a bad character. Rule 404 plainly prohibits such tactics. See Kunz v. DeFelice, 538 F.3d 667, 675 (7th Cir. 2008)(Rule 404 "…generally forbids the use of past acts, even of criminality, to prove a criminal, dishonest character in a civil case.").

Similarly, any convictions of witnesses can only be introduced for impeachment of a witness' credibility under the restrictions imposed in FRE 609, but are still subject to the FRE

403 balancing test. See Wilson v. Groaning, 25 F.3d 581, 584 (7th Cir. 1994); U.S. v. Neely, 980 F.2d 1074, 1080 (7th Cir. 1992). As such, the Defendants should be barred from referencing any convictions that are over 10 years old, or referencing convictions that do not actually bear on a witness' credibility.

In that regard, the Defendants should be barred from referencing any past violent crime (such as rape or robbery), criminal trespass, burglary, drug related or petty theft convictions (or convictions of any other crime that does not actually bear on credibility). See, e.g., Kunz v. DeFelice, 538 F.3d 667, 675 (7th Cir. 2008) (retail theft is not a crime of dishonesty); U.S. v. Galati, 230 F.3d 254, 262 (7th Cir. 2000) (conviction for drug possession had little or no bearing on the reliability of testimony); U.S. v. Rodriguez-Andrade, 62 F.3d 948, 952 (7th Cir. 1995) (court properly barred reference to burglary and criminal trespass convictions because convictions were unrelated to witness' ability to tell the truth); Christmas v. Sanders, 759 F.2d 1284, 1292 (7th Cir. 1985) (conviction for rape not probative of credibility); Townsend v. Benya, 287 F.Supp.2d 868, 874 (N.D. Ill. 2003) (controlled substance conviction not probative of credibility); United States v. Smith, 181 F.Supp.2d 904, 910-911 (N.D. Ill. 2002) (drug related convictions not related to witness' credibility); Earl v. Denny's Inc., 2002 WL 31819021, at 1 (N.D. Ill 2002) (criminal sexual assault is not a crime involving dishonesty); see also U.S. v. Brackeen, 969 F.2d 827, 830 (9th Cir. 1992) (bank robbery not crime of dishonesty); United States v. Farmer, 923 F.2d 1557, 1567 (11th Cir.1991) (crimes such as theft, robbery, or shoplifting do not involve 'dishonesty or false statement'); United States v. Grandmont, 680 F.2d 867, 871 & n. 3 (1st Cir.1982) (robbery convictions not admissible under 609(a)(2)).

Moreover, in order to impeach a witness' credibility by way of past conviction the Seventh Circuit has repeatedly held that, "…'all that is needed to serve the purpose of

challenging the witness's veracity is the elicitation of the crime charged, the date, and the disposition' and that 'it is error to elicit any further information for impeachment purposes'". Young v. James Green Management, Inc., 327 F.3d 616, 625-626, (7th Cir. 2003); see also Gora v. Costa, 971 F.2d 1325, 1330 (7th Cir. 1992)( "…all that is needed to serve the purpose of challenging the witness's veracity is the elicitation of the crime charged, the date, and the disposition. And in fact we held that it is error to elicit any further information for impeachment purposes….Considering that for purposes of challenging a witness's propensity for truth and veracity opposing parties cannot harp on a witness's past crimes and in fact can elicit no more than the crime charged, the date, and the disposition…."); Hernandez v. Cepeda, 860 F.2d 260, 264 (7th Cir. 1988)("…the opposing party may not 'harp on the witness's crime, parade it lovingly before the jury in all its gruesome details, and thereby shift the focus of attention from the events at issue in the present case to the witness's conviction in a previous case.'"). As such, should any past conviction of a witness be deemed admissible under the restrictions imposed by FRE 609, the Defendants cannot be allowed to introduce anything other than the crime charged, the date, and the disposition of such convictions.

Finally, the Defendants should be prohibited from referencing any "dealings" or "trouble" (or other similar characterization) that a particular witness has had with the police that did not result in a conviction. Reference to such interactions a witness has had with police officers (or a suggestion of multiple such interactions with police officers) would only be offered to suggest that a witness is a criminal or a troublemaker – which is the type of character evidence that FRE 404 prohibits.

Therefore, pursuant to FRE 403, FRE 404 and FRE 609, the Defendants should be barred from referencing the above-listed matters.

## Motion *in limine* #9 to Bar Reference to Marijuana being Found on Tommy Morris' Person after the Shooting and Reference to Tommy Morris' Past Drug or Alcohol Abuse/Treatment.

The Plaintiff anticipates that the Defendants may seek to introduce evidence that Tommy Morris had marijuana on his person at the time that he was shot, or that he abused drugs and/or alcohol, or that he may have received substance abuse treatment at some point in his life.

With respect to the marijuana that was found on Tommy Morris after the shooting, that evidence should be barred because none of the Defendants knew about the marijuana at the time of the shooting. The Defendants, therefore, cannot point to the marijuana's existence as playing any role in the shooting. As articulated in the following holding, the Seventh Circuit has clearly indicated that only information that the shooters knew at the time of the shooting is relevant to determining whether a shooting was objectively reasonable under the circumstances:

> Knowledge of facts and circumstances gained after the fact (that the suspect was unarmed) has no place in the trial court's or jury's proper post-hoc analysis of the reasonableness of the actor's judgment. Were the rule otherwise, as the trial court ruled in this instance, the jury would possess more information than the officer possessed when he made the crucial decision. Thus, we are convinced that the objective reasonableness standard articulated in *Lester* requires that Officer Berry's liability be determined exclusively upon an examination and weighing of the information Officer Berry possessed immediately prior to and at the very moment he fired the fatal shot. The reception of evidence or any information beyond that which Officer Berry had and reasonably believed at the time he fired his revolver is improper, irrelevant and prejudicial to the determination of whether Officer Berry acted reasonably "under the circumstances."

Sherrod v. Berry, 856 F.2d 802, 805 (7th Cir. 1988).

As such, at a minimum, per Sherrod, reference to the marijuana found on Tommy Morris after the shooting should be excluded as irrelevant.

However, the marijuana evidence should also be excluded under FRE 404. The marijuana evidence is nothing more than "bad acts" evidence – namely, that Tommy Morris' criminal conduct of possessing an illegal substance makes it more likely that he acted criminally in his interaction with the Defendants. That type of evidence is expressly prohibited under FRE

404. See Kunz v. DeFelice, 538 F.3d 667, 675 (7th Cir. 2008)(Rule 404 "…generally forbids the use of past acts, even of criminality, to prove a criminal, dishonest character in a civil case.").

Moreover, it is important to note that Tommy Morris is only alleged to have had marijuana in his possession after the shooting – no conviction ever came due to the marijuana find (for obvious reasons). But, under existing Seventh Circuit law, even if Tommy were convicted of marijuana possession, such a conviction would be barred from evidence. See U.S. v. Galati, 230 F.3d 254, 262 (7th Cir. 2000) (conviction for drug possession not admissible as it had little or no bearing on the reliability of testimony); Townsend v. Benya, 287 F.Supp.2d 868, 874 (N.D. Ill. 2003) (controlled substance conviction not admissible as not probative of credibility); United States v. Smith, 181 F.Supp.2d 904, 910-911 (N.D. Ill. 2002) (drug related convictions not related to witness' credibility and therefore not admissible).

Similarly, the fact that marijuana was found on Tommy Morris after he was shot should be barred because any conceivable probative value of such evidence is clearly outweighed by its prejudice (thereby mandating exclusion per FRE 403).

Also, any attempt to introduce evidence that Tommy Morris either used drugs or attended substance abuse treatment in his lifetime should be barred. First, as the Defendants know due to the drug screen performed by the medical examiner, there is no evidence that Tommy Morris was under the influence of drugs or alcohol at the time of the shooting. Second, evidence of drug use is only relevant in challenging a witness' ability to remember or perceive events – something that does not apply to Tommy Morris in this case as he will not testify. See Kunz v. DeFelice, 538 F.3d 667, 677 (7th Cir. 2008) (evidence of a witness' drug use is relevant only if a witness' ability to recollect or relate the events is legitimately at issue); Jarrett v. U.S., 822 F.2d 1438,

1445 (7th Cir. 1987) ("A witness' use of drugs is only relevant as to the ability of the witness to perceive the underlying events and testify lucidly at trial.").

Third, evidence that Tommy Morris used drugs or alcohol at any point in his life, or that he received substance abuse treatment, is both irrelevant and so unfairly prejudicial that the introduction of such evidence should be barred pursuant to FRE 403. In this regard, the Seventh Circuit (as well as Courts in this District) has consistently frowned upon the introduction of drug abuse evidence. In particular, the Seventh Circuit has held that,

> Evidence that a witness has used illegal drugs may be probative of the witness' possible inability to recollect and relate .... This evidence may be admitted where the memory or mental capacity of a witness is legitimately at issue.... At the same time, however, there is considerable danger that evidence that a witness has used illegal drugs may so prejudice the jury that it will excessively discount the witness' testimony.... A court must, therefore, be chary in admitting such evidence when it is offered for the sole purpose of making a general character attack.

Kunz v. DeFelice, 538 F.3d 667, 677 (7th Cir. 2008) (quoting United States v. Cameron, 814 F.2d 403, 405 (7th Cir.1987)); see also Mankey v. Bennett, 38 F.3d 353, 360 (7th Cir. 1994) (court properly excluded evidence of substance abuse since "any probative value of that substance abuse evidence was substantially outweighed by the danger of unfair prejudice"); Cobige v Chicago, 2010 WL 4340653, at 15 (N.D. Ill. 2010) (drug use by decedent properly excluded as inadmissible "bad act" under FRE 404 and pursuant to FRE 403 as being unfairly prejudicial); Mason v. City of Chicago, 631 F.Supp.2d 1052, 1060 (N.D. Ill. 2009) ("This Court is mindful of the dangers of introducing evidence about drugs. These concerns strike at the heart of this Court's decision to bar such evidence in this case. The mere mention of Plaintiff's drug use would be highly inappropriate.").

As such, the Defendants should be barred from referencing these issues at trial.

## Motion *in limine* #10 to Bar Suggestion that any Witness was Under the Influence of Drugs or Alcohol at the Time of the Shooting.

During discovery Defendants inquired of various witnesses (either directly or by implication) whether they were under the influence of any substance (drug or alcohol) that would have impaired their ability to remember and/or perceive the events. They should be barred from doing the same at trial.

During discovery no evidence was uncovered that any witness' memory was impaired by drug or alcohol use. In fact, not one witness testified that his or her memory was in any way affected negatively by alcohol or drug ingestion on the night of the shooting. And, importantly, there is not one shred of competent evidence contradicting any witness on this score. The Seventh Circuit is clear that evidence of drug or alcohol use is only admissible if a witness' ability to perceive events is legitimately at issue. See Kunz v. DeFelice, 538 F.3d 667, 677 (7th Cir. 2008) (evidence of a witness' drug use is relevant only if a witness' ability to recollect or relate the events is legitimately at issue); Jarrett v. U.S., 822 F.2d 1438, 1445 (7th Cir. 1987) ("A witness' use of drugs is only relevant as to the ability of the witness to perceive the underlying events and testify lucidly at trial.").

In this case, as there is no evidence that drugs or alcohol affected any witness, there is no good faith basis for asking or implying to a witness that drugs or alcohol affected his or her memory. There is similarly no good faith basis for even asking a witness if he or she drank anything that contained alcohol on the night of the shooting – as the unmistakable implication is that the ingestion of the alcohol impaired the witness' memory.

Accordingly, the Defendants should be barred from inquiring into these areas at trial.

**Motion *in limine* #11 to Bar Suggestion that Tommy Morris was in a Gang, that any Witness was in a Gang, and that Tommy Morris or any Witness had (or has) Tatoos.**

The Seventh Circuit has repeatedly warned that evidence of a party's gang membership is highly prejudicial, especially when the gang evidence is not relevant to a central issue in a case. See Brown v. City of Chicago, 599 F.3d 772, 775-775 (7th Cir. 2010); United States v. Alviar, 573 F.3d 526, 536 (7th Cir. 2009); U.S. v. Irvin, 87 F.3d 860, 865 (7th Cir. 1996) ("There is always the possibility that a jury will attach a propensity for committing crimes to defendants who are affiliated with gangs or that a jury's negative feelings towards gangs will influence its verdict. Guilt by association is a genuine concern whenever gang evidence is admitted."); U.S. v. Thomas, 86 F.3d 647, 653 (7th Cir. 1996) ("The danger of unfair prejudice from gang evidence stems from the potential inference that a defendant is guilty by association.").

There is no evidence that Tommy Morris was ever in a gang, nor is there evidence that any witness' membership in a gang is central to any issue in this case. As such, any reference to gangs must be barred at trial as such evidence is irrelevant. Gang evidence should also be barred pursuant to FRE 403 because the unfair prejudice attached to such evidence clearly outweighs any probative value to be gained by its introduction.

In addition, the Defendants should be barred from referencing Tommy Morris' tattoos at the time of his death, or that any witness has tattoos. The only reason to reference tattoos in this case would be to associate Tommy Morris (or a witness) with gangs. Seventh Circuit precedent bars such tactics. See U.S. v. Irvin, 87 F.3d 860, 865-866 (7th Cir. 1996) (tattoos inadmissible when they are admitted only to show gang membersip).

Therefore, references to tattoos should be barred at trial because neither Tommy Morris' tattoos, nor the tattoos of witnesses, are relevant to any issue in this case. Such references should

also be barred under FRE 403 because the unfair prejudice of that type of evidence is outweighed by any probative value it may have.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Plaintiff respectfully requests that the Defendants be barred from inquiring into, or at any time referring to, the stated matters.

                                              Respectfully submitted by,

                                              s/Basileios J. Foutris
                                              BASILEIOS J. FOUTRIS
                                              Attorney for Plaintiff
                                              FOUTRIS LAW OFFICE, LTD.
                                              53 West Jackson, Suite 252
                                              Chicago, Illinois 60604
                                              312-212-1200
                                              bfoutris@foutrislaw.com

## CERTIFICATE OF SERVICE

The undersigned, attorney of record herein, hereby certifies that on May 2, 2011 the foregoing **PLAINTIFF'S MOTIONS *IN LIMINE* 7-11** was electronically filed with the Clerk of the U.S. District Court using the CM/ECF System, along with judge's courtesy copies being delivered; which will send notification of such filing to: Scott J. Jebson at sjebson@cityofchicago.org; Jonathan Clark Green at jonathangreen@cityofchicago.org; and Andrea Elizabeth Cook at andrea.cook@cityofchicago.org.

                                              s/Basileios J. Foutris
                                              BASILEIOS J. FOUTRIS
                                              Attorney for Plaintiff
                                              FOUTRIS LAW OFFICE, LTD.
                                              53 West Jackson, Suite 252
                                              Chicago, Illinois 60604
                                              312-212-1200
                                              bfoutris@foutrislaw.com